IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CATHERINE A. COFFMAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:10-1052 |
| | ) Judge Haynes/Bryant |
| ROBERT J. YOUNG COMPANY, INC. | ) |
| Defendant. | ) |

TO: The Honorable William J. Haynes, Jr.

## REPORT AND RECOMMENDATION

Defendant, Robert J. Young Company, Inc., has filed its Substituted Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket Entry No. 14), to which Plaintiff, Catherine A. Coffman, has responded in opposition (Docket Entry No. 20). Defendant also filed a reply to Plaintiff's response (Docket Entry No. 21). This motion has been referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 4).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's motion to dismiss be denied in part and granted in part under the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) and Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007).

### Statement of the Case

Plaintiff Catherine A. Coffman filed this action against Defendant Robert J. Young Company, Inc., (Docket Entry No. 1), and subsequently amended her complaint with leave of

1

Court (Docket Entry Nos. 11, 12). Plaintiff makes federal law claims under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., ("FMLA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), as amended by the ADAAA of 2008 (Docket Entry No. 13). Plaintiff also makes several state law claims, but Defendant's motion to dismiss does not dispute the sufficiency of the pleadings with regard to the state law claims. As such, this Report and Recommendation will address only the federal law claims subject to Defendant's motion to dismiss.

Plaintiff alleges that she was terminated from her employment with Defendant as a result of non-work related injuries she sustained that required her to take leave under the FMLA. (Am. Compl. at 3.) Plaintiff alleges that Defendant interfered with her rights protected by the FMLA and retaliated against her for taking protected FMLA leave. (Am. Compl. at 6.) Plaintiff also alleges that she was a qualified individual with a disability, or perceived as an individual with a disability, and that Defendant terminated her employment as a result of her disability, or perceived disability, in violation of the ADA. (Am. Compl. at 8.)

Defendant, in its motion for dismissal, argues that Plaintiff's claims of interference and retaliation under the FMLA and disability discrimination under the ADA are wholly conclusory and do not meet the pleading standard of "plausibility" established in Twombly and Iqbal. (Subst. Mot. Dismiss at 1-4); Twombly, 550 U.S. at 570; Iqbal, 129 S. Ct. at 1949-50. Defendant also contends that, if the federal law claims are dismissed, this Court should decline to exercise supplemental jurisdiction over the state law claims and dismiss Plaintiff's complaint in its entirety. (Subst. Mot. Dismiss at 1-2.)

<mark>2</mark>

## Statement of Pertinent Facts

Plaintiff was employed as a copy center operator by Defendant from September 6, 1994, until November 10, 2009. (Am. Compl. at 3.) On April 27, 2009, Plaintiff was seriously injured in a non-work related accident. (Am. Compl. at 3.) Shortly after the accident, Plaintiff informed Defendant of her serious medical condition and followed the appropriate procedures to qualify for FMLA leave. (Am. Compl. at 3.) While on leave, Plaintiff applied for and was approved to receive short term and long term disability benefits under her employer-provided benefits plan. (Am. Compl. at 3.) On October 28, 2009, Plaintiff provided Defendant a medical authorization from her health care provider stating that she could return to work on November 23, 2009. (Am. Compl. at 3.) The medical authorization contained restrictions limiting Plaintiff to lifting no more than ten pounds and limitations on "overhead and pushing and pulling," and noted that Plaintiff had a follow-up visit scheduled for December 10, 2009. (Am. Compl. at 3-4.)

On November 9, 2009, Defendant's Director of Employee Development contacted Plaintiff and informed her that she was being terminated because of her medical restrictions and because she had another doctor's appointment in December. (Am. Compl. at 4.) Plaintiff received a letter confirming that her employment had been terminated on November 10, 2009. (Am. Compl. at 4.) The letter stated that her job was kept open, but since her medical situation had not improved, Defendant concluded she was not able to return to work. (Am. Compl. at 4.) The letter specifically stated "given you are unable to perform the tasks of your job, we have found it necessary to find someone to fill the vacancy created by your need to take long term disability" and "due to your long term disability we must terminate your employment." (Am. Compl. at 4.)

## Legal Discussion

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Association of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). The complaint must "state a claim to relief that is plausible on its face," not merely conceivable. Twombly, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In considering a Rule 12(b)(6) motion, a court must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences from its allegations in favor of the plaintiff. Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008); Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007). However, conclusory statements, including legal conclusions couched as factual allegations, are not entitled to be assumed as true. Iqbal, 129 S. Ct. at 1949-50. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Furthermore, courts have previously determined that "a complaint that pleads facts in support [of] each element of a prima facie case of discrimination—and not merely conclusory statements to the effect that such elements are satisfied—necessarily meets Iqbal's requirement that the complaint show more than the 'mere possibility of misconduct.'" Orozco v. City of

Murfreesboro, 2009 WL 4042586, at *3 (M.D. Tenn. Nov. 19, 2009) (noting the difficulties of employment discrimination claims, which are "difficult to prove and frequently rely upon indirect rather than direct evidence of discrimination"); see also Grizzell v. Cyber City Teleservices Marketing, Inc., 2010 WL 2622933, at *5 (M.D. Tenn. June 25, 2010).

### B. Plaintiff's FMLA Claims

#### 1. Interference Claim

To state a prima facie claim of interference under the FMLA, a plaintiff must show that: (1) the plaintiff is an eligible employee; (2) the defendant is an employer covered by the FMLA; (3) the employee was entitled to FMLA leave; (4) the employee gave the employer notice of the employee's intention to take leave; and (5) the employer denied the employee FMLA benefits to which the employee was entitled. Edgar v. JAC Products, Inc., 443 F.3d 501, 507 (6th Cir. 2006); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005). The FMLA benefits to which an employee is entitled are generally twelve weeks of unpaid leave within a twelve month period with continued insurance coverage and reinstatement to the employee's previous position or an equivalent one. Edgar, 443 F.3d at 511; 29 U.S.C. §§ 2612(a)(1), 2614(a)(1). An employer's failure to reinstate the plaintiff is a valid basis for an FMLA claim. Killian v. Yorozu Auto. Tennessee, Inc., 454 F.3d 549, 556 (6th Cir. 2006); Stroud v. Connor Concepts, Inc., 2009 WL 4723693, at *5 (M.D. Tenn. Dec. 2, 2009). However, an employer will not be held liable under the FMLA for firing an employee who is indisputably unable to return to work at the end of the twelve week period. Cehrs v. Northeast Ohio Alzheimer's Research Ctr., 155 F.3d 775, 784-85 (6th Cir. 1998). Moreover, if an employee remains unable to perform the essential tasks of his or her position upon returning from leave, the employee has no right to reinstatement under the FMLA. Edgar, 443 F.3d at 506 (citing 29 C.F.R. § 825.214(b)).

In this case, Defendant does not dispute the adequacy of the pleadings of elements (1)-(4) of the interference claim. (Subst. Mot. Dismiss at 4). Plaintiff properly alleged that she was an eligible employee (Am. Compl. at 2, 6), that Defendant is an FMLA-covered employer (Am. Compl. at 2, 6), that Plaintiff was entitled to leave (Am. Compl. at 6), and that Plaintiff gave proper notice of her intention to take leave (Am. Compl. at 3). Defendant contends, however, that Plaintiff's FMLA benefits ran out long before her release to work on November 23, 2009, and, as such, Plaintiff did not plead sufficient factual allegations to show that Defendant denied Plaintiff benefits to which she was entitled under the FMLA. (Subst. Mot. Dismiss at 5-6.) Assuming the veracity of Plaintiff's allegations and drawing all reasonable inferences in her favor, Plaintiff has not alleged that she was denied any FMLA benefit to which she was entitled. She alleged, in fact, that Defendant granted her request for FMLA leave in April 2009 and that she took more than twelve consecutive weeks of leave (Am. Compl. at 3). Plaintiff alleged that she was unable to return to her position and perform the duties of her position at the end of the twelve week period. (Am. Compl. at 3-4.) She did not allege, nor can it be reasonably inferred, that any portion of her twelve week leave entitlement under the FMLA was preserved despite the six month duration of her medical leave of absence. Cf. Walton v. NOVA Information Sys., 2008 WL 1751525, at *15 (E.D. Tenn. Apr. 11, 2008).[1] As such, she has not plausibly claimed entitlement to the FMLA benefit of reinstatement. Cehrs, 155 F.3d at 784-85; Edgar, 443 F.3d at 506.

---

[1] The Walton court, noting that only employees who were prejudiced by a violation of the FMLA could recover, found that the plaintiff had exhausted her FMLA entitlement during her six months of leave which included a period of short term disability coverage. Walton, 2008 WL 1751525, at *15. Citing Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002), the court held that Walton was not denied any substantive rights under the FMLA when she was denied additional leave and ultimately discharged following communications with her employer indicating that she could not return to work even though she had been on leave for more than twelve weeks. Walton, 2008 WL 1751525, at *15.

Plaintiff also contends that, pursuant to 29 C.F.R. § 825.700(a),[2] she had an employer-provided benefit plan that provided greater benefits than those established by the FMLA and, under that plan, she was entitled to the additional weeks of leave, followed by the FMLA benefit of reinstatement. (Pl.'s Resp. at 11.) However, 29 C.F.R. § 825.700(a) "cannot be interpreted to give employees a federal cause of action under the FMLA to enforce employee benefit programs." Rich v. Delta Air Lines, Inc., 921 F.Supp. 767, 773-74 (N.D. Ga. 1996). The Rich court noted that "[a]n employer's contractual obligations are distinct...from the FMLA itself." Id. at 773; see also Covey v. Methodist Hosp. of Dyersburg, Inc., 56 F.Supp.2d 965, 971 (W.D. Tenn. 1999). In this case, even assuming that Plaintiff did have greater leave entitlement under her employer-provided benefits plan, she cannot maintain a cause of action under the FMLA for interference with those benefits, nor can the protection of the FMLA be extended to encompass non-FMLA leave. See Walton, 2008 WL 1751525, at *15. Thus, Plaintiff cannot establish the fifth element of the interference claim under the FMLA, that she was denied an FMLA benefit to which she was entitled.

---

[2] Section 825.700(a) provides:

> An employer must observe any employment benefit program or plan that provides greater family or medical leave rights to employees than the rights established by the FMLA. Conversely, the rights established by the Act may not be diminished by any employment benefit program or plan. For example, a provision of a CBA which provides for reinstatement to a position that is not equivalent because of seniority (e.g., provides lesser pay) is superseded by FMLA. If an employer provides greater unpaid family leave rights than are afforded by FMLA, the employer is not required to extend additional rights afforded by FMLA, such as maintenance of health benefits (other than through COBRA), to the additional leave period not covered by FMLA.

29 C.F.R. § 825.700(a).

## 2. Retaliation Claim

To state a prima facie claim of retaliation under the FMLA, a plaintiff must show that: (1) the plaintiff was engaged in an activity protected by the FMLA; (2) the defendant knew that the plaintiff was exercising the plaintiff's rights under the FMLA; (3) the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action. Killian, 454 F.3d at 556. The Sixth Circuit has held that "proximity in time between the protected activity and the adverse employment action may constitute evidence of a causal connection." Bryson v. Regis Corp., 498 F.3d 561, 571 (6th Cir. 2007). In Bryson, the plaintiff was terminated exactly twelve weeks after she requested FMLA leave, "and the very day that she was scheduled to return to work." Id. at 571. Furthermore, the plaintiff presented very strong evidence of a retaliatory motive through statements of her employer that she was "angry about [the plaintiff's] FMLA leave-taking" and that "she would see to it that [the plaintiff] did not have a job to return to." Id.

In this case, Defendant does not dispute the adequacy of the pleadings of elements (1)-(3) of the retaliation claim. (Subst. Mot. Dismiss at 6-7.) Plaintiff properly alleges that she was engaged in an activity protected by the FMLA by taking approved medical leave due to a serious health condition (Am. Compl. at 3), that Defendant knew she was taking leave, had approved her FMLA request for leave, and was kept apprised of her condition during the leave (Am. Compl. at 3), and that Defendant took an employment action adverse to Plaintiff by terminating her on November 10, 2009, by letter (Am. Compl. at 4). Defendant contends, however, that Plaintiff did not adequately plead the fourth element of a causal connection because she was terminated twenty-eight weeks after she requested leave on April 27, 2009. (Subst. Mot. Dismiss at 6-7.) Defendant also contends that Plaintiff's factual allegation that she was terminated due to "her

8

medical restrictions and because she had another doctor's appointment in December" does not suggest that her exercise of FMLA rights contributed to her termination. (Subst. Mot. Dismiss at 7.) Assuming the veracity of Plaintiff's allegations and drawing all reasonable inferences in her favor, Plaintiff has not alleged a causal connection between her termination and her exercise of FMLA leave benefits. In fact, Plaintiff alleged that she was terminated sixteen weeks after the expiration of her FMLA covered leave period and that Defendant's stated reason for her termination was her inability to perform the tasks of her position. (Am. Compl. at 4.) Plaintiff has alleged no facts that show any causal connection to or retaliatory motive for her termination.

Thus, Plaintiff's claims of interference and retaliation under the FMLA are not well pleaded and should not survive a Rule 12(b)(6) motion to dismiss at this stage of the litigation.

### C. Plaintiff's ADA Discrimination Claim

To state a prima facie case of employment discrimination through indirect evidence under Title 1 of the ADA, 42 U.S.C. § 12112(a), a plaintiff must show that: (1) the plaintiff is disabled; (2) the plaintiff is otherwise qualified for the position, with or without reasonable accommodation; (3) the plaintiff suffered an adverse employment decision; (4) the employer knew or had reason to know of the plaintiff's disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced. Macy v. Hopkins County Sch. Bd. Educ., 484 F.3d 357, 365 (6th Cir. 2007) (quoting Monette v. Electronic Data Sys. Corp., 90 F.3d 1173, 1186 (6th Cir. 1996)). A plaintiff is an individual with a disability within the meaning of the ADA when the individual has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual," has a record of such impairment, or has been regarded as having such an impairment. 29 C.F.R. § 1630.2(g)(1) (2011). Some of the listed "major life activities" are working, reaching, and lifting. 29 C.F.R. §

1630.2(i)(1)(i). Furthermore, a plaintiff is regarded as having a qualifying impairment "if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A) (2009).

The Sixth Circuit recently resolved confusion within the circuit regarding "the proper test for establishing a *prima facie* case of employment discrimination under the ADA." Whitfield v. Tennessee, --- F.3d ---, 2011 WL 1085657, at *4 (6th Cir. Mar. 25, 2011). Many district courts were applying the three prong test established in Mahon v. Crowell, 295 F.3d 585, 589 (6th Cir. 2002), which requires a plaintiff to show that: (1) the plaintiff is an individual with a disability; (2) the plaintiff was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) the plaintiff was discharged solely by reason of the disability. Whitfield, 2011 WL 1085657, at *4. However, the Sixth Circuit held that Monette states the proper test for a prima facie case while Mahon provides the proper test for recovery under the ADA. Id. at *5.

In this case, Defendant contends that Plaintiff has not alleged sufficient facts to fulfill the Mahon test to prove a case of discrimination under the ADA, and that Plaintiff's complaint merely recites the elements of a claim that constitute conclusory allegations not entitled to the assumption of truth. (Subst. Mot. Dismiss at 8-9.) However, since the filing of Defendant's brief, the Sixth Circuit has clarified that the appropriate test for a prima facie case of discrimination under the ADA is the Monette test.

Defendant contends that the pleadings are insufficient to show the existence of the first element of the test, that Plaintiff is an individual with a disability. (Subst. Mot. Dismiss at 9.) Defendant relies mainly on the fact that Plaintiff does not state explicitly what her disability is,

nor whether the disability substantially limits a major life activity. (Subst. Mot. Dismiss at 9.) However, Plaintiff pleads that she suffered serious injuries that required her to take medical leave until she received medical authorization to return over six months later, on November 23, 2009, that she required restrictions on lifting and limited motions affecting her ability to work, and that she received short-term and long-term disability benefits for those injuries. (Am. Compl. at 3-4.) Assuming the veracity of these factual allegations and drawing all reasonable inferences from those allegations, Plaintiff sufficiently pleads that she has a physical impairment that substantially limits her major life activity of working and, moreover, Defendant clearly viewed the impairment as substantially limiting her ability to work by terminating her for being "unable to perform the tasks of [her] job." (Am. Compl. at 4, ¶ 16.) Thus, Plaintiff has sufficiently pleaded that she is an individual with a disability within the meaning of the ADA.

Defendant next contends that the pleadings are insufficient to show the existence of the second element of the test, that Plaintiff is otherwise qualified for the position, with or without reasonable accommodation. (Subst. Mot. Dismiss at 10-11.) Defendant argues that Plaintiff has not alleged facts indicating whether she could perform the essential functions of the job with or without reasonable accommodations, what the essential functions of her job are, nor whether she requested reasonable accommodations. (Subst. Mot. Dismiss at 10-11.) However, Plaintiff specifically pleads that she was able to return to work with reasonable accommodations, which she requested and which had previously been granted to similarly situated employees. (Am. Compl. at 4, ¶ 17.) Furthermore, Defendant is clearly aware of the essential functions of Plaintiff's job, especially since Defendant determined that Plaintiff was "unable to perform the tasks of [her] job." (Am. Compl. at 4, ¶ 16.) Thus, Plaintiff has sufficiently pleaded that she was otherwise qualified for the position with or without reasonable accommodation.

Elements (3) and (4) are easily satisfied here. Plaintiff alleges that she suffered an adverse employment decision when she was terminated by Defendant in the November 10, 2009, letter. (Am. Compl. at 4, ¶ 16.) Plaintiff also alleges that Defendant knew of her disability by stating in the November 10, 2009, letter that "due to your long term disability we must terminate your employment." (Am. Compl. at 4, ¶ 16.) Finally, element (5) is also satisfied as Plaintiff alleges, upon information and belief, that she was not permanently replaced until she was terminated and that her replacement was not disabled or perceived as an individual with a disability. (Am. Compl. at 5, ¶ 19.) Thus, Plaintiff's ADA discrimination claim is well pleaded and should survive a Rule 12(b)(6) motion to dismiss at this early stage of the litigation.

In summary, Plaintiff has sufficiently pleaded factual allegations as to her discrimination claim under the ADA in accordance with the pleading requirements of Twombly and Iqbal. However, Plaintiff has not sufficiently pleaded factual allegations as to her interference and retaliation claims under the FMLA. As such, Defendant's motion to dismiss the ADA claim and corresponding challenge to ongoing federal jurisdiction in this matter are not well taken. The undersigned Magistrate Judge finds that the Court should deny Defendant's motion to dismiss as to the ADA discrimination claim and grant Defendant's motion to dismiss as to the interference and retaliation claims under the FMLA.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss be **DENIED** in part and **GRANTED** in part. It is recommended that the motion be denied with respect to Plaintiff's ADA discrimination claim, and granted with respect to Plaintiff's FMLA claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 1st day of June, 2011.

                                                                      s/ John S. Bryant  
                                                                      JOHN S. BRYANT  
                                                                      United States Magistrate Judge